IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,317-01






EX PARTE REYNALDO GARZA, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-0336-03-C(1) IN THE 139
TH JUDICIAL DISTRICT COURT


FROM HIDALGO COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to delivery of a
controlled substance and was sentenced to seven years' imprisonment. 

 Applicant contends that he was denied adequate notice that he would be considered for
release on mandatory supervision by the Texas Board of Pardons and Paroles under the discretionary
mandatory-supervision statute, Tex. Code Crim. Proc. art. 42.18, § 8(c). This Court remanded to
the trial court on April 25, 2007, for findings of fact regarding Applicant's claim. After remand, the
trial court has submitted the same findings of fact, conclusions of law, and recommendation
submitted with the application before remand. These findings are not sufficient to address
Applicant's claim.

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Geiken, 28
S.W.3d 553 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court shall obtain an affidavit from TDCJ - Parole
Division, stating the date upon which Applicant became or will become eligible for mandatory
supervision. If Applicant has already been considered for release on mandatory supervision, the
affidavit shall state the date upon which Applicant was notified that he would be considered for
release on mandatory supervision, and the date upon which the Board of Pardons and Paroles voted
for or against releasing Applicant on mandatory supervision. The trial court may also elect to hold
a hearing.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant is eligible for mandatory
supervision, whether he has ever been considered for release on mandatory supervision, and if so,
whether Applicant was afforded adequate notice that he would be considered for release on
mandatory supervision by the Texas Board of Pardons and Paroles under the discretionary
mandatory-supervision statute. Ex parte Retzlaff, 135 S.W.3d 45 (Tex. Crim. App. 2004). The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: June 13, 2007

Do not publish